1
2
3
4
5
6           UNITED STATES DISTRICT COURT
7           EASTERN DISTRICT OF WASHINGTON
8
DENICE ELAINE LEACH,                    No. 2:13-CV-317-JTR
9
            Plaintiff,
10                                      ORDER GRANTING
            v.                          DEFENDANT'S MOTION  FOR
11                                      SUMMARY JUDGMENT
12
CAROLYN W. COLVIN,
13 Commissioner of Social Security,
14
            Defendant.
15
16

17          **BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF

18  Nos.  16, 17.  Attorney Dana C. Madsen represents Plaintiff, and Special Assistant

19  United States Attorney Christopher J. Brackett represents the Commissioner of

20  Social Security (Defendant).  The parties have consented to proceed before a

21  magistrate judge.  ECF No. 10.  After reviewing the administrative record and the

22  briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary

23  Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

24                          **JURISDICTION**

25          On April 18, 2011, Plaintiff filed both a Title II application for a period of

26  disability and disability insurance benefits and a Title XVI application for

27  supplemental security income.  Tr. 22; 216.  In both applications, Plaintiff alleged

28  disability beginning June 30, 2001.  Tr. 22; 195.  Plaintiff reported that she was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

unable to work due to back problems, surgeries, arthritis, depression, and mental issues. Tr. 195. Also, on the application she stated that she stopped working so she could raise her son. Tr. 195. Plaintiff's claims were denied initially and on reconsideration, and Plaintiff requested an administrative hearing. Tr. 22; 72-156.

On March 5, 2012, Administrative Law Judge Marie Palachuk presided over a hearing at which medical expert Marian F. Martin, Ph.D., medical expert Darius Ghazi, M.D., vocational expert Deborah LaPoint, and Plaintiff, who was represented by counsel, testified. Tr. 39-71. At the hearing, Plaintiff amended her alleged onset date to April 18, 2011. Tr. 44. On April 4, 2013, the ALJ issued a decision finding Plaintiff not disabled. Tr. 22-34. The Appeals Council declined review. Tr. 1-4. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and, thus, they are only briefly summarized here. At the time of the hearing, Plaintiff was thirty-eight years old, and lived with her boyfriend and his son. Tr. 56; 186. She was divorced and had one adult child. Tr. 56-57. Plaintiff obtained a GED, and she attended one year at Apollo College, where she studied to be a veterinary assistant. Tr. 56-57. In the past, Plaintiff worked at various call centers, at the Humane Society, and as a manual laborer. Tr. 57-58.

At the hearing, Plaintiff said her back pain is severe and her abdomen hurts. Tr. 59. She said her sleep is interrupted after just a few hours because of back pain. Tr. 60. She said she can walk about one block, stand for about ten minutes, and she can sit for about 20 minutes before she starts experiencing pain. Tr. 61-62.

Plaintiff testified that she is able to clean the dishes and run the laundry. Tr. 64. She spends most of her day lying down, watching television or reading. Tr. 64-65.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment

prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 18, 2011, her amended onset date.  Tr. 24.  At step two, the ALJ found Plaintiff suffered from the severe impairments of neck and back strain, morbid obesity, somatoform disorder, depressive disorder, prescription drug abuse and personality disorder.  Tr. 25. At step three, the ALJ found Plaintiff's impairments, alone or in combination, do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).   Tr. 25.  The ALJ found Plaintiff has the residual functional capacity to perform light work with some non-exertional limitations. Tr. 27.  At step four, the ALJ found that Plaintiff is unable to perform past relevant work.  Tr. 33.  The ALJ determined that considering Plaintiff's age, education, work experience and residual functional capacity, jobs exist in significant numbers that Plaintiff can perform, such as production assembler, agricultural produce sorter, and cannery worker.  Tr. 33-34.  As a result, the ALJ concluded that Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the amended onset date through the date of the decision.  Tr. 34.

## ISSUES

Plaintiff contends that the ALJ erred by: (1) failing to provide legally

sufficient reasons for giving little weight to the opinion of examining physician Dennis R. Pollack, Ph.D.; (2) giving great weight to the opinion of non-examining physician Marian F. Martin, Ph.D.; (3) failing to credit the GAF scores assessed by Family Services of Spokane; and (4) failing to file a completed Psychiatric Review Technique form appended to the ALJ's decision. ECF No. 16 at 7-11.

**1.    Medical opinion evidence**

Plaintiff contends that the ALJ erred in weighing the opinions from Dennis R. Pollack, Ph.D., and Marian F. Martin, Ph.D. ECF No. 16 at 7-10. In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

**a.    Dennis R. Pollack, Ph.D.**

Plaintiff contends that the ALJ provided invalid reasons for rejecting the opinion of examining physician Dennis R. Pollack, Ph.D. ECF No. 16 at 7-9.

On March 1, 2013, Dr. Pollack examined Plaintiff and completed a Mental Medical Source Statement form. Tr. 483-92. Dr. Pollack noted that during the exam, Plaintiff denied that she had a drug or alcohol problem, but the medical records indicated that she had a history of abusing drugs and alcohol. Tr. 485. Dr. Pollack also noted that the results of Plaintiff's MMPI-2 indicated an elevated F-scale, which "suggests she may have been exaggerating her problems, or that she had a large number of unusual experiences." Tr. 486.

Dr. Pollack observed that Plaintiff's description of her medical problems during the exam was "very limited," but he acknowledged the "voluminous medical records" revealed multiple medical complaints. Tr. 487. Dr. Pollack also observed that during the exam, Plaintiff made little effort to provide important findings from her medical record or to adequately describe her work history. Tr.

488.   Dr. Pollack concluded that Plaintiff was "a very dependent person who more likely than not uses medical complaints to avoid responsibility.  She has a history of doing what she wants to do when she wants to do it."  Tr. 488.  Dr. Pollack diagnosed Plaintiff with somatoform disorder, NOS, depressive disorder, NOS, and personality disorder with dependent and antisocial traits.  Tr. 488.

In the Mental Medical Source Statement check-the-box form, Dr. Pollack assessed Plaintiff with marked limitations in two categories: the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, and in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  Tr. 490.

The ALJ gave little weight to Dr. Pollack's opinion that Plaintiff had marked limitations because the ratings were inconsistent with his exam findings.  Tr. 32.  The ALJ also found that Dr. Pollack accepted Plaintiff's subjective complaints as true, but he also acknowledged both that Plaintiff misrepresented her substance abuse history and she failed to accurately relate her medical and work history.  Tr. 32.

The ALJ provided valid reasons for discounting Dr. Pollack's opinion that Plaintiff had marked functional limitations.  An ALJ properly discounts a physician's opinion if it is contrary to his own records.  *See Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995) (ALJ properly considers the inconsistency of conclusions with the physician's own findings in rejecting physician's opinion).  Where the ALJ has discredited the Plaintiff's claims about subjective symptoms, the ALJ may reject a medical source opinion that is based largely on the Plaintiff's own subjective description of symptoms.  *Fair v. Bowen*, 885 F.2d at 605.

Additionally, the ALJ's findings are supported by the record.  As the ALJ noted, the results of Plaintiff's Trail Making Test indicated normal range scores

related to visual attention and task switching.  Tr. 32; 487.  Also, Dr. Pollack's
narrative revealed his opinions that Plaintiff was not forthcoming, she gave
unreliable information, she uses medical complaints to avoid responsibility, and
she consciously chooses what she wants to do.  Tr. 488.  These observations
undercut Dr. Pollack's determination that Plaintiff is limited due to her physical
and psychological impairments, and suggest instead that Plaintiff's activities are
limited by choice.

Also, the ALJ found that Plaintiff had little credibility, and Plaintiff did not
challenge that finding.  Tr. 28.  The evidence supports the ALJ's finding that
Plaintiff was not forthcoming with Dr. Pollack, and thus Dr. Pollack's reliance
upon Plaintiff's reporting of symptoms was unreasonable.  For example, Plaintiff
told Dr. Pollack she had no history of substance abuse, yet Dr. Pollack
acknowledged that this statement was contradicted by the record.  Tr. 485.
Additionally, the ALJ noted that Dr. Pollack found that Plaintiff had a marked
limitation in her ability to sustain attention and concentration, yet Plaintiff had
completed one year of college during that same time period, a feat that required
sustained attention and concentration.  Tr. 32; 484.

Finally, the ALJ found that the "context" surrounding Dr. Pollack's
examination – Plaintiff's attorney requested the exam – could not be "entirely
ignored" and, thus, was a reason to give less weight to the opinion.  Tr. 32.   An
ALJ may reject an examining doctor's report based upon the fact that Plaintiff's
attorney requested the exam only if actual impropriety is present, or if the report is
not supported by objective medical evidence.  *Saelee v. Chater*, 94 F.3d 520, 523
(9th Cir. 1996)(1997); *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).
The ALJ pointed to no evidence of actual impropriety, and the court finds none.
The ALJ's reliance upon this factor was error.  Nonetheless, the error was harmless
because other specific and legitimate reasons support the ALJ's decision to give
reduced weight to Dr. Pollack's opinion.  *See Molina v. Astrue,* 674 F.3d 1104,

1  1111 (9th Cir. 2012) ("[W]e may not reverse an ALJ's decision on account of an
2  error that is harmless."); *see also Carmickle v. Comm'r Soc. Sec. Admin*., 533 F.3d
3  1155, 1162 (9th Cir. 2008) ("[T]he relevant inquiry in this context is . . . whether
4  the ALJ's decision remains legally valid, despite such error."); *Batson,* 359 F.3d at
5  1197.

6       Because the remaining reasons provided by the ALJ for giving little weight
7  to the opinions from Dr. Pollack are specific and legitimate and supported by
8  substantial evidence in the record, the error is harmless.  The ALJ did not err in
9  weighing the opinion from Dr. Pollack.

10       **b.    Marian F. Martin, Ph.D.**

11       Plaintiff contends that the ALJ erred by giving significant weight to the
12  opinion of non-examining physician Marian Martin, Ph.D.  ECF No. 16 at 10.
13  Plaintiff argues that Dr. Martin relied upon the same "premises" as Dr. Pollack,
14  and Plaintiff summarily concludes, without further explanation, that the ALJ erred
15  by giving greater weight to a non-examining physician over an examining
16  physician.  ECF No. 16 at 10.

17       At the administrative hearing, Dr. Martin testified that Plaintiff's mental
18  impairments did not meet or equal a Listing.  Tr. 51.  Dr. Martin assessed Plaintiff
19  with mild limitations relating to activities of daily living, social functioning, and
20  mild-to-moderate limitations in concentration, persistence and pace.  Tr. 51-52.
21  Dr. Martin opined that the record did not support Dr. Pollack's assessed marked
22  limitations.  Tr. 52.

23       The ALJ gave great weight to the opinion of Dr. Martin for several reasons:
24  (1) the doctor specializes in psychology; (2) she reviewed the entire, longitudinal
25  record; (3) her opinion was based upon objective findings from the record,
26  including a consideration of Plaintiff's exaggeration of symptoms, drug seeking
27  behavior and her failure to regularly seek treatment for her symptoms; and (4) the
28  opinion is consistent with objective tests results from other providers.  Tr. 33.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

An ALJ may reject the opinion of an examining physician, if contradicted by a non-examining physician, with "specific and legitimate reasons that are supported by substantial evidence in the record." *Moore v. Comm'r of the Soc. Sec. Admin*, 278 F.3d 920, 924 (9th Cir. 2002), citing *Lester,* 81 F.3d at 830-31. Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), citing *Magallanes*, 881 F.2d at 752.

In this case, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for giving more weight to the non-examining physician opinion. The medical provider's area of expertise and familiarity with the longitudinal record are properly considered in weighing the medical opinion. See, 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 404.1527(c)(5); SSR 96-7p.

Moreover, as the ALJ noted, Dr. Martin testified that Dr. Pollack's assessment of Plaintiff's marked limitations in her ability to perform activities within a schedule was not supported by Dr. Pollack's examination notes. Tr. 62-63. Dr. Martin also noted the evidence that contradicted Dr. Pollack's opinion, including records that revealed Plaintiff's depression was mild, relieved by medication, she did not regularly seek treatment, and chart notes reflected situational depression. Tr. 52-53.

Dr. Martin's assertions are supported by the record. For example, the record reveals Plaintiff reported that she was not as moody after she began taking Prozac. Tr. 459. Also, Plaintiff reported that she did not feel as angry when she was taking Lorazepam. Tr. 466. The record also shows Plaintiff did not regularly seek treatment. Notes from her provider reveal that within a three month period in 2009, Plaintiff cancelled or failed to show up for seven appointments. Tr. 470-74.

Dr. Martin's observation that Dr. Pollack's assessment of marked

impairment was contradicted by the examination notes is also supported by the record.  For example Dr. Pollack's report indicated that Plaintiff made little to no effort to provide her medical or employment history during the exam.  Tr. 488.  Also, the objective test results suggested that Plaintiff presents herself as physically ill, and more likely than not uses medical complaints to avoid responsibility.  Tr. 488.  Dr. Pollack also noted that Plaintiff likely was exaggerating her symptoms, and lied about her history with alcohol abuse.  Tr. 488.  In light of Plaintiff's exaggeration, lack of effort, and inconsistent statements, Dr. Pollack's exam notes establish Plaintiff's subjective complaints are not credible.  Thus, Dr. Pollack's reliance upon these complaints in finding Plaintiff was markedly impaired was not reliable.

Because the ALJ's opinion established that Dr. Martin's opinions were consistent with other independent medical evidence, and based upon specific and legitimate reasons that were supported by the record, the ALJ did not err by giving significant weight to Dr. Martin's opinion.

**c.    GAF scores**

Plaintiff contends that the ALJ erred by dismissing the GAF scores assessed by Family Service Spokane.  ECF No. 16 at 10.

On May 29, 2009, Gina Oliver, MA, LMHC, diagnosed Plaintiff with major depressive disorder, moderate, recurrent, and also noted that Plaintiff had "problems with primary support group."  Tr. 458.  Ms. Oliver assessed Plaintiff with a GAF score of 45.  Tr. 458.  On September 3, 2009, Ms. Oliver examined Plaintiff, noted that Plaintiff had struggled to keep appointments, and also noted that Plaintiff had found several temporary jobs but no permanent job.  Tr. 479.  Ms. Oliver again assessed Plaintiff with a GAF score of 45.  Tr. 479.

Plaintiff argues that the ALJ should have given weight to these records, and specifically, to the GAF scores assigned to her within those records.  The Global Assessment of Functioning ("GAF") score is the clinician's judgment of the

1  individual's overall level of functioning. See DIAGNOSTIC AND STATISTICAL

2  MANUAL OF MENTAL DISORDERS, DSM-IV,[1] 30-32 (4th ed. 1994).  According to

3  the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 34 (4th ed.

4  Text Revision 2000) ("DSM–IV"), Global Assessment of Functioning ("GAF")

5  scores of 41 to 50 reflect "[s]erious symptoms (e.g., suicidal ideation, severe

6  obsessional rituals, frequent shoplifting) OR any serious impairment in social,

7  occupational, or school functioning (e.g., no friends, unable to keep a job)."

8      However, the ALJ has no obligation to credit or even consider GAF scores

9  in the disability determination.  See 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)

10  ("The GAF scale . . . is the scale used in the multiaxial evaluation system endorsed

11  by the American Psychiatric Association.  It does not have a direct correlation to

12  the severity requirements in our mental disorders listings."); *see also Howard v.*

13  *Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may

14  be of considerable help to the ALJ in formulating the RFC, it is not essential to the

15  RFC's accuracy").

16      Additionally, GAF scores include a significant number of non-medical

17  factors, such as homelessness and legal troubles, that do not necessarily translate

18  into work-related functional impairments, and the scores reflect the "clinician's

19  judgment of the individual's overall level of functioning."  DSM-IV 32-33.  In

20  other words, a GAF score encompasses psychological, social and occupational

21  functioning, but the GAF score is not meant to be a conclusive medical assessment

22  of overall functioning.  *Id.*  Thus, the Plaintiff's claim fails because an ALJ is not

23  obligated to consider, much less credit, GAF scores in determining disability.

24      Moreover, the ALJ gave little weight to these opinions because the records

25

26      [1]The 2013 DSM–V dropped the use of the GAF.  DIAGNOSTIC AND

27  STATISTICAL MANUAL OF MENTAL DISORDERS, 16 (5th ed. 2013).

28

pre-date Plaintiff's alleged onset date and, thus, do not address Plaintiff's functioning during the relevant period. Tr. 32. Records that relate to limitations prior to the alleged onset date may not be probative evidence of plaintiff's functional impairments at the time he or she allegedly became disabled. *See Burkhart v. Bowen,* 856 F.2d 1335, 1340 n.1 (9th Cir. 1988) (ALJ properly rejected evidence on the ground that it was not probative because it was prior to the relevant time period); *see also Carmickle,* 533 F.3d at 1164-65 (evidence from "well before" the alleged onset date is not probative). Because the records are from the time period before Plaintiff's amended onset date, the ALJ did not err by concluding these records were of little value in determining Plaintiff's functioning within the alleged disability period.

**2.    Psychiatric Review Technique form**

Plaintiff argues that the ALJ committed reversible error by failing to provide a completed Psychiatric Review Technique form appended to the decision. ECF No. 16 at 11. When a claimant raises a claim of mental impairment, the ALJ must make specific findings regarding the claimant's functioning in four broad areas: activities of daily living, social functioning, concentration, persistence or pace and episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). As Defendant points out, current regulations require the ALJ to incorporate the pertinent findings and conclusions from the technique. See 20 C.F.R. § 4.16.920a(e)(4)("At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique.")

The ALJ's decision incorporated the pertinent findings. Tr. 26. The ALJ found Plaintiff has mild restrictions in activities of daily living. Tr. 26. In both social functioning and in concentration, persistence or pace, the ALJ found Plaintiff has moderate difficulties. Tr. 26. Finally, the ALJ found that Plaintiff had no episodes of extended duration decompensation. Tr. 26.

Because the ALJ incorporated the findings related into the opinion, the ALJ

1  did not err. Plaintiff's claim is without merit.

2  **CONCLUSION**

3        Having reviewed the record and the ALJ's conclusions, this court finds that

4  the ALJ's decision is supported by substantial evidence and free of legal error.

5  Accordingly,

6        **IT IS HEREBY ORDERED**:

7        1.  Defendant's Motion for Summary Judgment, **ECF No. 17,** is

8  **GRANTED**.

9        2.  Plaintiff's Motion for Summary Judgment, **ECF No. 16,** is **DENIED**.

10        **IT IS SO ORDERED**. The District Court Executive is directed to file this

11  Order, provide copies to the parties, enter judgment in favor of defendant, and

12  **CLOSE** this file.

13        DATED January 6, 2015.

14

15   _____

16             JOHN T. RODGERS
      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28